## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**JERRY CANKAT**, individually,

                **Plaintiff,**

v.

**41ST AVENUE RESTAURANT CORP.
d/b/a MONAHAN & FITZGERALD**,
a New York for profit corporation, and
**BAYSIDE RE GROUP LLC**, a New
York for profit corporation,

                **Defendants.**
_____

Case No. _____

## COMPLAINT
(Injunctive Relief Sought)

Plaintiff, JERRY CANKAT, individually and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant 41ST AVENUE RESTAURANT CORP. d/b/a MONAHAN & FITZGERALD, and Defendant BAYSIDE RE GROUP LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

1

**Jurisdictional Allegations**

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant BAYSIDE RE GROUP LLC is the property owner of the premises located at 214-17 41st Ave., Bayside, Queens 11361 in Queens County, New York (hereinafter "Defendant-Landlord").

3. Defendant 41ST AVENUE RESTAURANT CORP. d/b/a MONAHAN & FITZGERALD (hereinafter referred to as "MONAHAN & FITZGERALD") is a tenant at Defendant BAYSIDE RE GROUP LLC's premises, and the operator of a restaurant dining establishment (hereinafter "Defendant-Operator"), which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff JERRY CANKAT is a fifty-nine (59) year old father of two adult children. Since the age of twelve (12), Plaintiff CANKAT has been suffering from a severe case of diabetes. More specifically, Plaintiff CANKAT's diabetes has resulted in multiple surgeries to his left leg and ultimately resulted in the amputation of his right leg in 2010. Since his

4. [cont.] amputation in 2010, Plaintiff CANKAT has been bound to ambulate in a wheelchair.

5. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue properly lies in the Eastern District of New York as it is the federal judicial district where the property is located and on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations at MONAHAN & FITZGERALD

7. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner [or landlord] of the premises and as the operator of a "place of public accommodation," Defendants MONAHAN & FITZGERALD and BAYSIDE RE GROUP LLC are jointly responsible for ensuring compliance with the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards").

8. Plaintiff CANKAT enjoys meeting and socializing with his friends particularly since separating from his wife. He travels predominantly using either the public bus or subway transportation system or by wheelchair, but also via car with his brother who lives in the city. Plaintiff CANKAT particularly enjoys watching live sporting events and frequently does so out at local bars and restaurants.

9. Plaintiff has visited the property which forms the basis of this lawsuit, but he has encountered architectural barriers at the subject property precluding him from reasonably accessing the goods and services provided to non-disabled individuals. The barriers to access at the property have deterred Plaintiff from availing himself of, and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals.

10. For example, there is presently no entrance that is accessible to an individual confined to a wheelchair without assistance from an able-bodied individual.

11. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

12. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendants ongoing non-compliance with the ADA.

13. A preliminary inspection of MONAHAN & FITZGERALD reveals the following exterior and interior barriers to access exist thus effectively discriminating against Plaintiff as an individual with a disability:

   a. inaccessible entrance as existing step, leading to 1st of 2 entrance doors in series, acts as a barrier without required ramp at step;

   b. required minimum maneuvering clearance not provided at the 1st of 2 entrance doors;

   c. required minimum maneuvering clearance not provided in entrance vestibule at the 2nd of 2 entrance doors;

   d. at least one accessible entrance into establishment not provided as required;

   e. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

   f. non-compliant height of dining tables exceed maximum height allowance;

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

5

g. percentage of existing dining tables required to be accessible not provided;

h. inaccessible bar as required minimum knee and toe clearance not provided at bar;

i. non-compliant height of bar exceeds maximum height allowance;

j. portion of bar required to be accessible not provided;

k. inaccessible restroom as required minimum clear width not provided at restroom door opening;

l. required minimum maneuvering clearance not provided at restroom door;

m. required minimum turning space not provided in restroom;

n. restroom door swings into the floor space of lavatory;

o. inaccessible lavatory as required minimum clear floor space not provided at lavatory;

p. required minimum knee and toe clearance not provided at lavatory;

q. inaccessible mirror and hand dryer as mounted height exceeds maximum height allowance;

r. inaccessible urinal as required minimum clear floor space not provided at urinal;

s. non-compliant mounted height of urinal exceeds maximum height allowance;

t. inaccessible toilet stall compartment as required minimum clear width not provided at toilet stall door opening;

u. toilet stall door swings into the floor space of urinal;

v. required minimum clear floor space not provided at water closet;

w. required grab bars not provided at rear and side walls of water closet;

x. non-compliant position of water closet from side wall;

y. inaccessible toilet paper dispenser as improper positioning of toilet paper dispenser from water closet make it inaccessible;

    z.    failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

14. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

15. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

**Injunctive Relief Is Necessary to Prevent Future Discrimination**

16. Plaintiff frequently visits the area where Defendant-Landlord's property and Defendant-Operator's business are located. Plaintiff visited MONAHAN & FITZGERALD and has suffered discrimination on the basis of her disability.

17. Plaintiff plans on returning to MONAHAN & FITZGERALD to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

18. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendants' discriminatory practices or non-compliant facilities.

19. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: INJUNCTIVE RELIEF (AGAINST MONAHAN & FITZGERALD)

20. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 19 above as if set forth specifically herein.

21. Defendant MONAHAN & FITZGERALD operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

22. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the ADA violations

set forth herein in paragraph 13 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

23. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. By operating a place of public accommodation in violation of the ADA as described herein, Plaintiff is suffering true and actual harm. Defendant's discriminatory practices contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

25. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

26. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are

        necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## **COUNT II: INJUNCTIVE RELIEF (AGAINST BAYSIDE RE GROUP LLC)**

28. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 19 above as if set forth specifically herein.

29. Defendant BAYSIDE RE GROUP LLC owns commercial real property on which it is permitting Defendant MONAHAN & FITZGERALD to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

30. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at

the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 13 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

31. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

32. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

34. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

35. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff

is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

37. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

38. At the time Plaintiff CANKAT visited Defendant BAYSIDE RE GROUP LLC's premises, being operated by Defendant MONAHAN & FITZGERALD, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 13.

39. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

40. At the time Plaintiff visited Defendants' property Defendants were in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

41. As a result of Defendant being in continuous violation of Title III of the ADA Plaintiff CANKAT has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

42. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

    **WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendants, at the time Plaintiff visited Defendants' property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on August 24, 2015.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009