UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
JERRY CANKAT,

                     Plaintiff,                15 CV 4963 (SJ) (MDG)

   - against -                         MEMORANDUM
                                         AND ORDER

41ST AVENUE RESTAURANT CORP. d/b/a
MONAHAN and FITZGERALD, and BAYSIDE
RE GROUP, LLC

                     Defendants.
-----------------------------------------------------------------X

APPEARANCES:

ADA DISABILITY ASSOCIATES
1076 Wolver Hollow Road
Oyster Bay, NY 11771
By:   Tara Demetriades
Attorney for Plaintiff

JOHNSON, Senior District Judge:

     In 1990, Congress passed the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") "to provide clear, strong, consistent, enforceable standards addressing individuals with disabilities." 42 U.S.C. §12101(b)(2). In signing the ADA into law, Congress found that, "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for

1

which our free society is justifiably famous..." 42 U.S.C. § 12101(a)(8). The ADA was intended to eliminate discrimination against people with disabilities in critical areas, including employment, housing and public accommodations. <u>See</u> 42 U.S.C. §12101 (b). Unfortunately, this law also spawned some individuals who have perverted the intentions of this statute, by filing multiple lawsuits for the ostensible purpose of obtaining attorney's fees. Unsuspecting businesses become targets of predatory opportunists. Such is the case presently before this Court.

Jerry Cankat ("Cankat" or "Plaintiff") and his attorney, Tara Demetriades, are well known in this district as serial filers. They often target small businesses that default or settle. <u>See</u>, <u>e.g.</u>, <u>Cankat v. T-Bone Diner, Inc.</u>, ECF No. 14-CV-7170 (RRM) (RLM); <u>Cankat v. Bayside Icecream Inc.</u>, ECF No. 16-CV-1925 (MKB) (RER); <u>Cankat v. Pio Pio Riko Corp. et al.</u>, ECF No. 15-CV-5957 (PKC) (RML). Many of Counsel's cases have also been dismissed for failure to prosecute. <u>See</u>, <u>e.g.</u>, <u>Cankat v. Vanilla Pastry Garden, Corp.</u>, ECF No. 14-CV-6917 (RJD) (CLP); <u>Perez v. Loma Coffee Shop Inc. et al.</u>, ECF No. 15-CV-5287 (MKB) (RER); <u>Lopez v. Mr. Sabor Restaurant & Grill</u>, ECF No. 15-CV-2708 (ENV) (CLP).

Since 2014, Ms. Demetriades has represented Plaintiff in 43 ADA cases in the Eastern District with nearly identical claims. In this case, Plaintiff seeks a default judgment under Title III of the ADA for injunctive relief and attorney's fees. Plaintiff resides in Flushing, Queens. (Transcript of September 22, 2016

Hearing ("Tr."), 2.) Plaintiff has diabetes and is confined to a wheelchair. (Complaint ¶ 4.) Plaintiff alleges that he was unable to get into a restaurant, 41st Avenue Restaurant Corp. d/b/a Monahan and Fitzgerald, located at 21-417 41st Ave, Bayside, Queens 11361. (Tr. 3; Complaint ¶2.) Monahan and Fitzgerald is a tenant of co-defendant Bayside RE Group LLC, who is the property owner of the premises (hereinafter collectively known as "defendants" or "the Restaurant").

The Clerk of the Court noted the Restaurant's default after it failed to answer or otherwise respond to the Complaint. (See Docket Entry 5/19/2016.) After issuing four orders directing Plaintiff to appear, Plaintiff came before this Court on September 22, 2016 for a hearing regarding Plaintiff's claims and requested relief. At the hearing, Plaintiff contended that he was driven to the Restaurant by three friends. However, he alleged that once he arrived there was no way to get into the building. (Tr. 3.) Plaintiff stated that none of the three friends attempted to speak to anyone at the restaurant, to find out, for example, if a folding ramp could be provided. (Id.) Plaintiff was unable to remember his friends' names or where they lived. (Tr. 3-4.) In response to the Court's questioning, Plaintiff stated, "What difference does it make…You could ask all the questions that you want. I can't get into the restaurant. You got a problem? … I don't even see why I should be here." (Tr. 4-5.)

To otherwise support his motion for injunctive relief and attorney's fees, Plaintiff submits: (1) Counsel's Declaration ("Cnsl. Decl."), Docket Number ("Dkt.

3

P-049

No.") 15-1; (2) Counsel's timesheets ("Cnsl. Tim."), Dkt. No. 16; (3) Plaintiff's Motion for Final Default Judgment ("Pl. Mot."), Dkt. No. 15; and (4) Plaintiff's Declaration ("Pl. Decl."), Dkt. No. 15-3.

## Discussion

I. <u>Liability</u>.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The statute provides only injunctive relief to compel compliance therewith, and discretionary attorneys' fees. See 42 U.S.C. §§ 12188(a); 12182(b)(A)(iv).

To state a claim under Title III, the plaintiff bears the initial burden of establishing, (1) that he is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against him by denying him a full and equal opportunity to enjoy the services that the defendants provide. See 42 U.S.C. § 12182; <u>Bebry v. ALJAC LLC</u>, 954 F. Supp. 2d 173, 177 (E.D.N.Y. 2013) (quoting <u>Camarillo v. Carrols Corp.</u>, 518 F.3d 153, 156 (2d Cir. 2008)).

Where, as here, the defendant is in default, the defendant hereby admits all well-pleaded factual allegations contained in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Allstate Ins. Co. v. Mirvis, 2015 WL 1539671, at *2 (E.D.N.Y. Mar. 31, 2015). It is also true that a district court "need not agree that the alleged facts constitute a valid cause of action." See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) and Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Prior to entering default judgment, a district court is "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). A court's decision to enter a default against defendants does not by definition entitle Plaintiff to an entry of a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (citing Mickalis Pawn Shop, LLC at 137).

Here, the Complaint contends that: (1) Plaintiff is confined to a wheelchair and has a disability as defined by the ADA; (2) the defendants own or operate the Restaurant; and (3) the Restaurant has discriminated against Plaintiff within the meaning of the ADA because its building is inaccessible to him. Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008). (See Complaint ¶¶ 9, 10.) In

P-049

addition, the Complaint lists 25 other conditions, limiting his access to the facility, which in light of defendants' default are presumed to be true. Plaintiff has met his burden and established the Restaurant's liability. (Id. ¶ 13.)

II. <u>Injunctive Relief</u>.

While the allegations of a complaint pertaining to liability are deemed admitted upon entry of default judgment, allegations relating to relief are not. <u>See</u> <u>Greyhound Exhibitgroup, Inc.</u>, 973 F.2d at 158. A court must ensure that there is a basis for the relief sought by a plaintiff before entering a judgment for what was demanded. <u>See</u> <u>United States v. JP Morgan Chase Bank</u>, 2010 WL 6634904 (ADS) (ARL), at *1 (E.D.N.Y. July 6, 2010) (citing <u>Fustok v. ContiCommodity Servs., Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits. <u>See</u> Fed. R. Civ. P. 55(b)(2); <u>Tamarin v. Adam Caterers, Inc.</u>, 13 F.3d 51, 53-54 (2d Cir. 1993); <u>Fustok</u>, 873 F.2d at 40.

Here, the Court attempted to hold a hearing to address Plaintiff's requested relief. However, Plaintiff was obstinate, non-responsive, and met the Court's questions with ire. Additionally, Plaintiff's Complaint, declarations and motion for final default judgment are rife with error. It is easy to conclude that much of the

P-049

information submitted is a "cut and paste" from previous cases. This calls into question Plaintiff's motive for filing this lawsuit. Consider, for instance:

- the Complaint ¶ 4, stating that Plaintiff's multiple surgeries to his left leg resulted in amputation of his right leg (emphasis added);
- Pl. Decl. ¶ 5, stating that the Restaurant is located Astoria, when in fact it is located miles away in Bayside, Queens;
- Pl. Decl. ¶ 4, stating Plaintiff had made his "final" visit to the Restaurant when the Complaint and the Plaintiff, in open court, indicated that he had been there only once; and
- Pl. Mot. p. 3, stating that the business is located at 87 Graham Street, which is in the borough of Brooklyn, when it is actually located on 41st Avenue in Bayside, Queens.

Plaintiff's failure to correct these mistakes, after two extended adjournments, betray a disappointing lack of detail and professionalism.

Nevertheless, because Plaintiff averred that he was unable to enter the Restaurant, the Restaurant is ordered, within one year, to make the entrance accessible to Plaintiff and others similarly situated, pursuant to 36 C.F.R. Part 1191, Appendices B, C and D. As all public accommodations are already required, the Restaurant is further ordered, within one year, to fully comply with the federal regulations implementing the ADA. Id. If the Restaurant fails to comply with the regulations, Plaintiff may seek leave to reopen this case. The Restaurant will be responsible for the cost of an independent survey of the premises and all fees for enforcement litigation, brought by current Counsel, or counsel of Plaintiff's choosing.

P-049

III.     Attorney's Fees.

Plaintiff's counsel requests $9,040 for 14.40 hours of work at an hourly rate of $400 and submits time records in support of this fee application. (Dkt. No. 16.) Counsel also requests $2,450 for costs and "litigation related expenses." (See Pl. Mot., p. 8).

As an initial matter, Counsel makes a glaring mathematical error. $400 at 14.40 hours is not $9,040, but $5,760.

The Court has discretion to award "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party in an ADA litigation. 42 U.S.C. § 12205. Where cases involve identical legal issues and similar factual issues, the duplicitous nature of the litigation warrants a reduction in the law firm's fee. See Access 4 All, Inc. v. Grandview Hotel Ltd. P'ship, No. CV 04-4368 (TCP) (MLO), 2006 WL 566101, at *4 (E.D.N.Y. Mar. 3, 2006).

In the instant matter, the Court finds that a reduction of the fee – at a minimum – is appropriate. Plaintiff's 43 cases in this district raise substantially similar claims and the complaints share the same boilerplate language. Counsel contends that $400 is reasonable. However, it is difficult to see how Counsel's four years of experience writing nearly identical complaints can justify that amount. Counsel cites to no case where she was awarded $400 and her reliance upon Luca v. County of Nassau, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010) is inapposite.

8

In Luca, plaintiff's counsel had 25 years' experience litigating civil rights cases, including roughly 180 cases in the Eastern District and another 20 in the Southern District. Id. Moreover, Luca's counsel actually litigated his case against a "tenacious adversary" and obtained an "extremely favorable" outcome for his client. Id. at 301. By contrast, here, the defendants defaulted and little legal acumen was required to obtain a judgment. Further, although counsel has been practicing for "15 + years," she appears to have only four years of experience with ADA cases since opening her own firm in 2012. (See Cnsl. Decl., ¶ 5 and Pl. Mot., p. 6.) As shown by the many mistakes in Plaintiff's filings, Counsel "litigated" this case with but a few key strokes, substituting one business address for another (though not always). This hardly meets the level of experience outlined in Luca.

In this district, an hourly rate of $275 has been awarded to senior associates with a number of years' of litigation experience but limited experience with civil rights cases. See Witek v. City of N.Y., No. CV-12-981 (CBA) (VVP), 2015 WL 5022529, at *3 (E.D.N.Y. Mar. 26, 2015), report and recommendation adopted in part, No. 12-CV-981 (CBA) (VVP), 2015 WL 5022538 (E.D.N.Y. Aug. 24, 2015), appeal dismissed (Feb. 8, 2016). Also in Witek, the named partner was awarded $400, based on his "background, experience, and expertise, as reflected in [his] declaration in support [which] places him in the upper echelon of attorneys who practice civil rights litigation in this district." Id. at 2; see also Scharff v. Cty. of Nassau, No. 10-CV-4208 (DRH) (GRB), 2016 WL 3166848, at *5 (E.D.N.Y. May

P-049

20, 2016), report and recommendation adopted sub nom. Scharff v. Cty. of Nassau & Shila Shah-Gavnoudias, No. 10-CV-4208 (DRH) (GRB), 2016 WL 3172798 (E.D.N.Y. June 6, 2016) (where a partner was awarded $400 per hour because he had "over twenty-nine years' experience in Title II and III of the ADA and other civil rights laws as a litigating attorney with substantial trial and appellate experience in the field of public service disability law."); D'Annunzio v. Ayken, Inc., No. 11-CV-3303 (WFK) (WDW), 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners...").

Plaintiff's experience and work on this case are incomparable to those of the named partners in Witek and Scharff. Counsel's "15 +" years of experience as a litigation attorney, but only four years with ADA cases, make her fee analogous to that of the senior associate's in Witek, which was $275. However, Counsel's particular "cut and paste" experience with ADA cases supports a reduction to $200.

Turning to the hours expended on this litigation, the Court reviews counsel's time records for "reasonableness" and imposes reductions for "excessive, redundant, or unnecessary hours." See Shariff v. Beach 90th St. Realty Corp., No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013) (citing Kreisler v. Second Ave. Diner Corp., No. 10 Civ. 7592 (RJS), 2013 U.S. Dist. LEXIS 110652, at *8 (S.D.N.Y. Aug. 1, 2013)).

As with the substantive filings in this case, it appears that Counsel copied and pasted her time sheet from another case concerning the "Civil Service Café," not the Restaurant. (See Dkt. No. 16, Cnsl. Tim., p. 1.) This eliminates the 2.5 hours requested for "gathering cost and expense records" and generating the "formal time sheet for Court" in this case. (Id. at 2-3.) It also calls into question the reliability of the entire document. Therefore, the Court awards Counsel fees for only those hours the Court can reasonably infer were spent on the instant matter.

Counsel is awarded .1 hours for obtaining the Restaurant operator's legal name and registered agent for service of process; .1 hours for preparing Plaintiff's retainer agreement; .3 hours for preparing the Complaint; .2 hours for ECF filings dated 8.21.15 and 8.24.15; .1 hours for requesting service of process; .1 hours for filing the affidavits of service from the defendants; .1 hours for preparing the request for a certificate for default; .3 hours for filing the motion for default judgment; and although not requested, 1.0 hour for counsel's appearance at the Court's hearing held on September 22, 2016. The total award for 2.3 hours of work at $200 per hour is $460. The remaining entries on the timesheet are either duplicitous or excessive and are therefore denied.[1] See Access 4 All, Inc., 2006 WL 566101 at *4.

---

[1] In any event, the Court could have applied an across-the-board reduction to cure Counsel's billing irregularities. Cf. Mattelier v. Apex Creative Int'l Corp., 687 F. Supp. 2d 347, 363 (S.D.N.Y. 2010) (imposing 15% fee reduction where "a large number of hours [were] expended on a relatively straightforward trademark action"); Motorola, Inc. v. Abeckaser, No. 07 CV 3963 (CPS), 2009 WL 2568529, at *6 (E.D.N.Y. Aug. 5, 2009) (reducing fee amount by 15% to account for a reduction in fee for travel time, numerous conference between counsel and billing irregularities).

P-049

Finally, Plaintiff seeks also to recover litigation-related costs in the amount of $2,450, pursuant to 42 U.S.C. § 12205. (See Pl. Mo., p. 8.) The Court may, in its discretion, allow reimbursement for litigation expenses. Id. Here, Plaintiff will be awarded for the cost of filing the Complaint ($400) and for service of process ($150). The Court denies: a $350 reimbursement for non-itemized "miscellaneous" overhead and mailing costs; and $1,500 for Mr. Jay Egilmez's services as they were immaterial. The remaining $50 was unaccounted for and is also denied.

## Conclusion

The ADA is a trailblazing civil rights law that changed individual lives and national stereotypes about people with disabilities. As numerous courts across the country have noted, cases like Plaintiff's mock the statute's mission by "engaging in serial ADA litigation to take advantage of the statute's attorney's fees provision." Shariff, No. 11-CV-2551 at *7 (citing Access 4 All, Inc. v. Thirty E. 30th St., LLC 04-CV-3683 (KMW) (DF), 2006 U.S. Dist. LEXIS 96742, at *34–35 (collecting cases); see also Costello v. Flatman, LLC 11-CV-287 (SJ) (VVP), 2013 U.S. Dist. LEXIS 45860, at *22, 2013 WL 1296739 (discussing the "cottage industry" that has arisen with the ADA). Future filings by serial filers be strictly scrutinized.

In light of the foregoing, this Court grants Plaintiff's motion for default judgment. It is hereby ordered that:

12

I. Within one year, the Restaurant will make the entrance accessible to Plaintiff and others similarly situated;

II. Within one year, the Restaurant is to comply with 36 C.F.R. Part 1191, Appendices B, C and D;

III. Failure to do so will result in civil liability for an independent survey of the premises and fees for enforcement litigation;

IV. If within one year, the Restaurant continues to deny Plaintiff and others similarly situated, full and equal enjoyment of its goods and services, Plaintiff may seek leave to reopen the case;

V. Attorney's fees are awarded here in the amount of $460; and

VI. Costs for litigation in the amount of $550. The total award for this matter is $1,010.

The Clerk of the Court is directed to close the case.


SO ORDERED.


Dated: December 8, 2016
      Brooklyn, NY

*Sterling Johnson, Jr.*
Sterling Johnson, Jr., Senior U.S.D.J.